Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| | | |
|---|---|---|
| MIGUEL A. ROSARIO PERALES<br><br>RECURRENTE<br><br>V.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>RECURRIDOS | TA2026RA00341 | *Revisión Judicial* División Remedios Administrativos del Departamento de Corrección y Rehabilitación<br><br>Caso Núm. GMA 500-17-26<br><br>Sobre: Certificación de respuesta a solicitud de remedios |

Panel integrado por su presidenta, la Juez Lebrón Nieves, el Juez, Pagán Ocasio, la Jueza Álvarez Esnard y el Juez Cruz Hiraldo[1].

Pagán Ocasio, juez ponente

# SENTENCIA

En San Juan, Puerto Rico, a 30 de junio de 2026.

## I.

El 24 de junio de 2026, el señor Miguel A. Rosario Perales (señor Rosario Perales o recurrente) quien se encuentra bajo la custodia del Departamento de Corrección y Rehabilitación (DCR) presentó, por derecho propio y en forma *pauperis*, un recurso de revisión judicial, titulado "Apelación", en el que nos solicita que revisemos la *Respuesta de Reconsideración al Miembro de la Población Correccional* emitida el 11 de junio de 2026 por la División de Remedios Administrativos del DCR.[2] Mediante esta, se denegó la petición de reconsideración a la respuesta emitida al confinado recurrente.

---

[1] Ver Orden Administrativa OA DJ2025-063-C, del 26 de mayo de 2026.
[2] Véase entrada núm. 2 del apéndice de la entrada núm. 1 del expediente digital del caso en el Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC-TA).

Autorizamos al recurrente a litigar *in forma pauperis* y a representarse por derecho propio.

En virtud de la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, ***In re Aprob. Enmdas. Reglamento TA***, 2025 TSPR 141, pág. 15, 216 DPR __ (2025), que le confiere a este foro la facultad para prescindir de escritos, en cualquier caso, ante su consideración, con el propósito de lograr su más justo y eficiente despacho, procedemos a resolver.

**II.**

Según obra del expediente ante nuestra consideración, el recurrente presentó una Solicitud de Remedio Administrativo, fechada el 29 de diciembre de 2025 y ponchada por la División de Remedios Administrativos el 9 de enero de 2026.[3] En la misma, solicitó que se le aplicaran las disposiciones de la Ley Núm. 27 de 20 de julio de 1989, 4 LPRA ant. secs. 1101 *et seq.*, sobre bonificaciones.

El 6 de febrero de 2026, el DCR emitió una *Respuesta del Área Concernida Superintendente.*[4] En esta, le informaron que no contaban con técnico de récord penal en la institución 500 de Guayama. Le mencionaron que, un técnico de Ponce pasa una vez en semana por lo que, en una fecha próxima, dicho técnico acudiría a revisar los expedientes para así estar en posición de entregarle las tablas actualizadas.

Posteriormente, el 11 de junio de 2026, el DCR emitió una *Respuesta de Reconsideración al Miembro de la Población Correccional.*[5] En la misma se consigna que el 11 de julio de 2026 recibieron la solicitud de reconsideración #GMA 500-17-26. Se denegó la petición de reconsideración del recurrente. El DCR fundamentó su determinación, en que el recurrente recibió

---

[3] Íd., entrada núm. 3, págs. 1-2, del apéndice de la entrada núm. 1.
[4] Íd., pág. 3.
[5] Íd., entrada núm. 2.

respuesta a su solicitud de remedio administrativo el 18 de febrero de 2026 y presentó su solicitud de reconsideración a la misma el 11 de junio de 2026. Por lo que ha transcurrido más del término dispuesto en el Reglamento para someter la solicitud de reconsideración.

Insatisfecho, el recurrente acudió ante esta *curia* mediante el recurso de epígrafe. En este, parece cuestionar la respuesta del DCR sobre que no tenían técnicos de récord para que le bonifique los trabajos realizados en custodia mínima. El recurrente impugna la Resolución mediante la cual se le denegó la reconsideración a la respuesta de la agencia a su solicitud de remedio administrativo. No argumenta sobre la falta de jurisdicción de la agencia para atender su reconsideración.

### III.

### A.

La *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*, Ley Núm. 38 de 2017, según enmendada, 3 LPRA sec. 9601 *et seq.* (LPAU), establece el alcance de la revisión judicial de las determinaciones de las agencias administrativas. Principalmente, la revisión judicial responde al objetivo de delimitar la discreción de las agencias y procurar que éstas ejerzan sus funciones de acuerdo con la ley. ***Ramos Sánchez v. BPPR et al.***, 2026 TSPR 63, 218 DPR __ (2026); ***Simpson, Passalacqua v. Quirós, Betances***, 214 DPR 370, 377 (2024)

Una parte adversamente afectada por una orden o resolución de una agencia puede acudir en *Revisión Judicial* al tribunal siempre y cuando haya agotado los remedios administrativos. Secc. 4.2 de la LPAU, supra, sec. 9672; ***Simpson, Passalacqua v. Quirós, Betances***, supra, pág. 378. El recurso de revisión judicial tendrá que ser atendido como cuestión de derecho por el foro apelativo intermedio, lo que significa que el tribunal viene obligado

a considerarlo en sus méritos. Sección 4.6 de la Ley LPAU, *supra*, sec. 9673; ***Ramos Sánchez v. BPPR et al.***, supra.

**B.**

La División de Remedios Administrativos del DCR se estableció con el propósito principal de proveerles a los miembros de la población correccional un organismo administrativo al cual puedan recurrir en primera instancia mediante una solicitud de remedio. A tenor con dicho fin, el *Reglamento para Atender las Solicitudes de Remedios Administrativos Radicadas por los Miembros de la Población Correccional* del DCR, Reglamento Núm. 8583 del 4 de mayo de 2015 (Reglamento Núm. 8583), establece el procedimiento para atender las solicitudes de remedios presentadas por las personas recluidas en las instituciones correccionales de Puerto Rico, que se atenderán ante la División de Remedios Administrativos.

La División de Remedios Administrativos del DCR posee jurisdicción para atender toda Solicitud de Remedio radicada por los miembros de la población correccional sobre cualquier incidente o reclamación comprendida bajo las disposiciones del reglamento. Regla VI del Reglamento Núm. 8583, *supra*, pág. 13. Para instar la solicitud, el confinado tiene quince (15) días, contados a partir de que conoce los hechos que motivan la solicitud. Regla XII del Reglamento Núm. 8583, pág. 24.

Al respecto, la Regla XIV del referido Reglamento establece un término de veinte (20) días calendario, a partir del recibo de la notificación de la respuesta, para que el miembro de la población correccional que no estuviere de acuerdo con dicha respuesta solicite la revisión, mediante un escrito de Reconsideración. Regla XIV(1) del *Reglamento Núm. 8583, supra*, pág. 30. El Evaluador del caso remitirá inmediatamente la solicitud de reconsideración y el expediente al Coordinador para su evaluación. Íd. El Coordinador

emitirá la respuesta de reconsideración de conformidad al procedimiento establecido en la Regla XIV del Reglamento Núm. 8583. Una vez recibida la Solicitud de Reconsideración, el Coordinador tendrá quince (15) días para emitir una respuesta al miembro de la población correccional si acoge o no su solicitud de reconsideración. Íd.

Con relación a la revisión judicial, la Regla XV del Reglamento Núm. 8583, supra, pág. 32 establece que:

> 1. El miembro de la población correccional podrá solicitar revisión ante el Tribunal de Apelaciones, dentro del término de treinta (30) días calendarios, contados a partir de la fecha del archivo en autos de la copia de la Notificación de la Resolución de Reconsideración, emitida por el Coordinador de Remedios Administrativos o noventa (90) días a partir de la radicación de la Solicitud de Reconsideración acogida, si la Agencia no actúa conforme a la misma. Íd., pág. 32.

**IV.**

En el caso de marras, el recurrente presentó una solicitud de remedio administrativo ante el DCR el 29 de diciembre de 2026. Este recibió respuesta el **18 de febrero de 2026**. Nótese que, el recurrente no presentó la solicitud de reconsideración a la respuesta dentro del término de veinte (20) días que dispone el Reglamento Núm. 8583. La presentó el **11 de junio de 2026.** En consecuencia, el DCR notificó una respuesta denegando la petición de reconsideración, por haberse radicado fuera del término correspondiente.

Tras un análisis objetivo, sereno y cuidadoso del expediente, en correcta práctica adjudicativa apelativa, resolvemos que procede confirmar la determinación recurrida. Determinamos que el DCR no incidió al denegar la petición de reconsideración. Carecía de jurisdicción para atenderla, al ser radicada cuatro (4) meses después de que el recurrente recibiera la respuesta del DCR de la

que solicitó <u>reconsideración</u>. El DCR actuó correctamente al resolver que no tenía jurisdicción para intervenir.

La acción del DCR es conforme a derecho y debe ser confirmada.

**V.**

Por los fundamentos pormenorizados, se confirma la determinación recurrida.

**Notifíquese al Secretario del Departamento de Corrección**. **El Departamento de Corrección deberá entregar copia de esta *Sentencia* al señor Rosario Perales, en cualquier institución donde este se encuentre**.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones